# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN CAIN,<br>Inmate #6433561,<br><br>                    Plaintiff,<br><br>vs.<br><br>SHERIFF BILL KOLENDER, DEPUTY BUFFORD, DEPUTY SUNICA, COUNTY OF SAN DIEGO, JOHN DOES 1-7,<br><br>                    Defendants. | Civil No.  07-0331 BTM (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,**<br><br>**AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS, COMPLAINT AND EXHIBIT TO COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

    Plaintiff, a civilly committed person residing at George Bailey Detention Facility in San Diego, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. No. 2]. Plaintiff alleges that his constitutional rights were violated when he was housed at George Bailey Detention Facility in 2006.

////

////

**1I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Here, The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1) and S.D. CAL. CIVLR 3.2. Based upon this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP. Because Plaintiff is a civil committee and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court will waive the initial civil filing fee. *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000).

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by

the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31.

Here, the Court finds that Plaintiff's Complaint survives the sua sponte screening required by 28 U.S.C. § 1915(e)(2), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). However, Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

**III.    Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to Proceed IFP per 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

2.    The Clerk shall issue the summons, provide Plaintiff with a certified copy of both this Order and his Complaint, and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant named in his Complaint. Plaintiff shall complete the Form 285s and forward them to the United States Marshal. The U.S. Marshal shall then serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on each U.S. Marshal Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

3.    Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

of any document was served on Defendants, or counsel for Defendants, and the date of service.

Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: June 19, 2007

Hon. Barry Ted Moskowitz
United States District Judge