# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN CAIN<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>BILL KOLENDER, BUFFORD SUNICO, DOES 1-6,<br><br>　　　　　　　　Defendants. | CASE NO. 07cv331 BTM (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [DOC. NO. 14.]** |

**I.**

**INTRODUCTION**

In this prisoner civil rights case, Gregory Lynn Cain ("Plaintiff") is proceeding pro se and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a). On November 29, 2007, Plaintiff filed a Motion for Leave to File a First Amended Complaint adding the members of the San Diego County Board of Supervisors ("Board"), specifically Supervisors Pam Slater-Price, Bill Horn, Greg Cox, Dianne Jacob and Ron Roberts (the "Board"). In his original complaint and in his proposed amended complaint, Plaintiff alleges a violation of his federal constitutional rights under the Eighth and Fourteenth Amendments when he was spat upon and threatened with bodily injury on two occasions while being transferred to and from George Bailey Detention Facility. (Complaint at pp. 3-5(H); Proposed First Amended Complaint ("FAC") at 4:16-22.)

1  This Report and Recommendation is submitted to United States District Judge Barry T.
2 Moskowitz pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3 of the United States District Court
3 for the Southern District of California. After reviewing the motion, proposed first amended complaint,
4 and the parties' briefing, for the reasons set forth below, the Court recommends that Plaintiff's Motion
5 for Leave to File an Amended Complaint be **DENIED** for futility .

## II.

## FACTUAL BACKGROUND

**A. The Facts As Alleged In Plaintiff's Original Complaint**

9  Plaintiff, a civil detainee of the County Sheriff pursuant to the Sexually Violent Predator Act,
10 alleges on two separate occasions, while traveling on a transport bus to and from the George Bailey
11 Detention Facility, he was threatened with bodily injury and spat upon. (Complaint at 3.) These
12 incidents, which occurred on October 4, 2006 and December 1, 2006, heightened Plaintiff's anxiety
13 about catching a communicable disease. *Id*.

14  Plaintiff was on his way back to the detention facility from court on October 4, 2006 when a
15 prisoner wearing a blue wristband, who was sitting in a seat across from Plaintiff, "turned his head
16 toward the plaintiff and said 'look a black bander.'" When another prisoner asked what a black bander
17 was, the prisoner wearing the blue wristband answered "'a sex offender' . . . turned back toward
18 Plaintiff and said 'you f***ing piece of s**t' . . . and spat on plaintiff." *Id*. Plaintiff contends that he
19 drafted a five-page grievance regarding the incident and turned it in to Floor Deputy Bufford, who
20 failed to process it. Complaint at 3A-3B. Plaintiff also alleges that he submitted another five-page
21 grievance regarding the spitting incident to an unidentified deputy, who also failed to process it. *Id.*
22 at 3B.

23  On the evening of December 1, 2006, Plaintiff returned to the George Bailey Detention
24 Facility on a transport bus. While sitting on the bus, waiting to enter the facility, Plaintiff was spat
25 on twice by two different passengers on the same transport bus as he. (Complaint at 4.) After
26 disembarking from the bus, Plaintiff told various deputies, including defendant, Deputy Sunico, that
27 he wished to speak to a sargeant and make a crime report. *Id*. at 4A. After Plaintiff showered,
28 defendants Sgt. Coyne and Deputy Rudell talked to Plaintiff regarding the incident. Defendants

1  indicated that a grievance, as opposed to a crime report, would be the best way to document the
2  incident. *Id.* at 4B.  Therefore, Sgt. Coyne and Deputy Rudell did not draft a crime report. *Id.*

3  **B. Plaintiff's Proposed First Amended Complaint**

4  The proposed First Amended Complaint alleges the same core facts as alleged in the initial
5  Complaint.  The primary difference between the original complaint and the proposed amended
6  complaint centers on Plaintiff's allegations regarding the responsibility of the members of the San
7  Diego County Board of Supervisors for "the unconstitutional acts and omissions committed against
8  plaintiff . . . [and] . . . policies, ordinances, regulations, and/or decisions officially adopted or
9  promulgated by them."  (FAC, 2:10-16.)  Specifically, the proposed amended complaint alleges: (1)
10 the official policies of the Board and Sheriff Kolender subjected Plaintiff to conditions of confinement
11 that are identical to, similar to or more restrictive than those conditions of confinement in which
12 criminal penal inmates are held; (2) the Board is charged by law with the care of civil detainees
13 and are mandated to know the statutory law and constitutional principles that should have controlled their
14 policies toward plaintiff; (3) as a direct result of the policies of the Board and Kolender, Plaintiff was
15 physically attacked; (4) the California State administrative regulations are binding on the Board and
16 Kolender; (5) the Board and Kolender caused injury and damage to Plaintiff by failing to have a
17 specific policy in place for the safe transport of persons detained under California's Sexually Violent
18 Predator's Act ("SVPA"); (6) the practices of the Board and Kolender in transporting SVPA civil
19 detainees in the same manner as other inmate was the moving force and causal connection behind
20 Plaintiff's constitutional injuries; (7) neither the Board, nor Kolender developed written policies and
21 procedures to protect plaintiff; (8) neither the Board, nor Kolender use any method that precludes
22 threats, spitting, and/or physical attacks. (FAC, ¶¶ 72-96.)

23                                           **III.**
24                                       **STANDARD**

25 Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint once "as
26 a matter of course" before a responsive pleading is served, or at any time within twenty days of service
27 if it requires no response.  "Otherwise a party may amend the party's pleading only by leave of court
28 or by written consent of the adverse party; and leave shall be freely given when justice so requires."

1 Fed. R. Civ. P. 15 (a).

2 This Court notes that on several occasions, "the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P., by freely granting leave to amend when justice so requires." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1995) (quoting *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986)) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)) (citations omitted).

Courts have commonly used four factors to determine the propriety of a motion for leave to amend. These factors are bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). A district court may deny leave to amend based on the presence of any of the four factors. Griggs v. Pace Am. Group, Inc. 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the district court does not err by denying leave to amend when the amendment would be futile or where the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 844 (9th Cir, 1991).

**IV.**

**DISCUSSION**

Plaintiff seeks leave to file a First Amended Complaint adding the members of the Board of Supervisors of San Diego County (the "Board"). (Plaintiff's Motion for Leave to Amend, Doc. No.14 at 1:23-28.) Defendants argue that Plaintiff's proposed amendment would be futile, and any amended complaint would be subject to dismissal, because as a matter of law, the Board members are: (1) not responsible for the administration of County jails, and (2) not charged by law to provide security guarantees for civil detainees while in the County jails system. (Defs. Opposition, Doc. No. 20 at 3:16-26.)

To succeed in his § 1983 claims against the Board, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the county had a policy, or a longstanding custom so persistent and widespread that it constitutes a permanent and well-settled policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Trevino v. Gates*, 99 F.3d

1  911, 918 (9th Cir. 1996). In *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), the
2  United States Supreme Court held that "a local government may not be sued under § 1983 for an
3  injury inflicted solely by its employees or agents. Instead, it is when execution of a government's
4  policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."
5  *Id.* It is the plaintiff's burden to prove official policy by more than a "bald allegation." *Polk County*
6  *v. Dodson*, 454 U.S. 312, 326 (1981).

7  Moreover, "it is not enough for a § 1983 plaintiff merely to identify conduct properly
8  attributable to the municipality . . . a plaintiff must show that the municipal action was taken with the
9  requisite degree of culpability and must demonstrate a causal link between the municipal action and
10 the deprivation of federal rights." *Brown*, 520 U.S. at 398; *City of Oklahoma City v. Tuttle*, 471 U.S.
11 808, 823 (1985) ("At the very least there must be an affirmative link between the policy and the
12 particular constitutional violation alleged."). Put another way, "a municipality cannot be held liable
13 solely because it employs a tortfeasor--, or, in other words, a municipality cannot be held liable on a
14 respondeat superior theory." *Monell*, 436 U.S. at 691; *Collins v. City of Harker Heights*, 503 U.S.
15 115, 121 (1992). To avoid the respondeat superior bar, the plaintiff must allege personal acts by
16 defendants which have a direct causal connection to the constitutional violation at issue. *See Sanders*
17 *v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986). Section 1983 provides for relief only against those
18 who, through their personal involvement as evidenced by affirmative acts, participation in another's
19 affirmative acts, or failure to perform legally required duties, cause the deprivation of the plaintiff's
20 constitutionally protected rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)**.**

21 Here, Plaintiff alleges the Board is charged by law with the care of civil detainees and contends
22 the Board's policies caused the alleged unconstitutional acts and omissions committed against him.
23 (FAC, 2:10-16.) However, in *Brandt v. Board of Supervisors* (1978) 84 Cal. App. 3d 598, 147 Cal.
24 Rptr. 468, the California Court of Appeal held that the Board of Supervisors has no direct authority
25 over county jails. *Id.* at 601-602. Specifically, in *Brandt*, the question presented was whether the
26 county board of supervisors could be held responsible for substandard conditions in the county jail,
27 without a showing it had failed to appropriate sufficient funds or otherwise refused to pay the costs
28 for jail operations. The trial court had issued a writ of mandate against both the sheriff and the board

of supervisors. Only the board appealed the writ. *Id.* at 600. The Court of Appeal reversed the trial court's ruling which required the board to comply with certain administrative provisions concerning the number and training of correctional officers in the county jail, finding no substantial evidence supported the determination that the board had breached its legal duties to provide adequate funding for jail operations. *Id.* at 602-603. The court ruled: "Except in rare instances, the board of supervisors has no direct authority over the jail, and even where direct authority is given, its exercise is made discretionary by statute. The only clear and present duty enjoined by law upon a board of supervisors with regard to a county jail is to provide the sheriff with food, clothing, and bedding for prisoners (Pen.Code § 4015) and to pay as a county charge other expenses incurred in the keeping of prisoners." (Gov. Code § 29602.) *Id*. at 601-602.

As stated by the California Appellate Court in *Brandt*, the Board's "only clear and present duty" is to provide Sheriff Kolender with food, clothing, bedding and expenses incurred in keeping prisoners. *Id*. Accordingly, Plaintiff's allegations against the Board rest solely on the Board's budgetary power to supply the Sheriff with funding for the county jail. There are no allegations that the Board members directly participated in any of the acts alleged in the First Amended Complaint. Thus, Plaintiff's allegations are insufficient to render personal liability. Moreover, as a matter of law, the Board has no authority to control the operation of the county jail and is, therefore, not responsible for the development or implementation of the jail's transportation polices regarding civil detainees. *See Brandt*, 84 Cal. App. 3d at 602 ("We note that the board not only had no duty but also had no right to control the operation of the jail; a board of supervisors has no legal authority to use its budgetary power to control employment in or operation of the sheriff's office."). Because an amendment to include the members of the Board of Supervisors of San Diego County would not only be futile, but would subject the proposed amended complaint to dismissal, **IT IS RECOMMENDED** the Court **DENY** Plaintiff's motion to file a first amended complaint to add the members of the San Diego County Board of Supervisors, specifically Supervisors Pam Slater-Price, Bill Horn, Greg Cox, Dianne Jacob and Ron Roberts .

///

///

## V.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order **DENYING** Plaintiff's Motion for leave to file a first amended complaint.

**IT IS ORDERED** that no later than **May 8, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties no later than **May 29, 2008**. The parties are advised that failure to file objections within the specified time may result in waiver of the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); see also Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: April 8, 2008

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court